1  Gary M. Messing, No. 075363
Timothy K. Talbot, No. 173456
2  Stephanie A. Miller, No. 183809
**CARROLL, BURDICK & McDONOUGH LLP**
3  Attorneys at Law
1007 7th Street, Suite 200
4  Sacramento, CA  95814
Telephone:     916.446.5297
5  Facsimile:     916.446.4487

6  Attorneys for Plaintiffs JAIME HUGHES, et al.

7

8                    UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11  JAIME HUGHES, ET AL.,                    No. CIV.S-03 0166 MCE-DAD

12            Plaintiffs,                    **PLAINTIFFS' POINTS AND
                                             AUTHORITIES IN SUPPORT OF
13       v.                                  MOTION IN LIMINE TO EXCLUDE
                                             DEFENDANT'S EXPERT MARK
14  CITY OF STOCKTON, ET AL.,                COHEN**

15            Defendants.                    DATE: June 28, 2005
                                             TIME: 2:00 p.m.
16                                           COURTROOM: of Honorable Morrison
                                             C. England, Jr.
17
                                             Complaint Filed:  January 28, 2003
18                                           Trial Date:         June 29, 2005

19

20

21

22

23

24

25

26

27

28

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SACRAMENTO

CBM-SAC\SA035587.1                          1

PLTFS' PT'S & AUTH'S IN SUPPORT OF MTN TO EXCLUDE  DEF'S EXPERT MARK COHEN (CIV S-03 0166 MCE-DAD)

1

## TABLE OF CONTENTS

2

**Page**

3  I   FACTUAL SUMMARY ................................................................................................ 1

4  II  SUMMARY OF ARGUMENT .................................................................................. 3

5  III COHEN'S OPINIONS ARE UNRELIABLE AND SHOULD BE EXCLUDED ...................... 5

6      A.  Cohen Lacks Essential Qualifications to Offer His Opinion ............................ 5

7      B.  The *Daubert* Line of Cases and Federal Rule of Evidence 702 Demand a
           Rigorous Assessment of an Expert's Methodology and His Application of
8          It to the Facts ................................................................................................ 6

9      C.  Defendant's Expert is Not Reliable ................................................................ 8

10         1.  Cohen's Method is Not the Method Prescribed Specifically by Law ...... 9

11         2.  Cohen's Opinion is Unreliable Because He Relies on Incomplete
               Information ........................................................................................ 9

12
       D.  Cohen's Method and Conclusions Do Not "Fit" A Material Aspect of this
13         Case .............................................................................................................. 10

14     E.  Cohen's Testimony Will Confuse and Mislead the Jury and Should be
           Excluded Under FRE 403 ............................................................................ 12

15
   IV  CONCLUSION ..................................................................................................... 12
16

17

18

19

20

21

22

23

24

25

26

27

28

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SACRAMENTO

CBM-SAC\SA035587.1                                    -i-

PLTFS' PT'S & AUTH'S IN SUPPORT OF MTN TO EXCLUDE  DEF'S EXPERT MARK COHEN (CIV S-03 0166 MCE-DAD)

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allison v. McGhan Medical Corp.*, 184 F.3d 1300, 1310 (11th Cir. 1999).......................8

*Bourjaily v. United States*, 483 U.S. 171, 175 – 176, 107 S.Ct. 2775 (1987) ....................5

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593-594, 597;
    113 S.Ct. 2786, 2796-2798 (1993)............................................................ 5, 6, 7, 8, 10

*DSU Medical Corporation v. JMS Co., Ltd.*, 296 F.Supp.2d 1140, 1146
    (N.D. Cal. 2003)...............................................................................................7

*General Electric Co. v. Joiner*, 522 U.S. 136, 148, 118 S.Ct. 512 (1997).........................7

*Kumho Tire Co., LTD v. Carmichael*, 526 U.S. 137, 147, 150, 119 S.Ct.
    1167, 1179 (1999) .........................................................................................7, 8

*Nadell v. Las Vegas Metropolitan Police Dept.*, 268 F.3d 924, 927 – 928
    (9th Cir. 2001)..................................................................................................8

*Rudd v. General Motors Corp.*, 127 F.Supp. 2d 1330, 1337 (M.D. Ala.
    2001) ..............................................................................................................7

*Wheeler v. Hampton Township*, 399 F.3d 238 (3d Cir. 2005) .......................................12

**Statutes**

29 C.F.R. 8 778.108, 8 778.109.......................................................................................3

29 U.S.C. 8207(a) ................................................................................................. 3, 5, 9

29 U.S.C. 8211(c) ..........................................................................................................6

**Rules**

Federal Rule of Evidence 104 .........................................................................................1

Federal Rule of Evidence 401 .........................................................................................8

Federal Rule of Evidence 402 .........................................................................................8

Federal Rule of Evidence 403 ............................................................................. 1, 5, 8, 12

Federal Rule of Evidence 702 .......................................................................... 1, 5, 6, 7, 8

Federal Rule of Evidence 703 .........................................................................................8

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SACRAMENTO

CBM-SAC\SA035587.1

-ii-

PLTFS' PT'S & AUTH'S IN SUPPORT OF MTN TO EXCLUDE  DEF'S EXPERT MARK COHEN (CIV S-03 0166 MCE-DAD)

**THIS COURT SHOULD EXCLUDE DEFENDANT CITY OF STOCKTON'S PROFFERED ECONOMIST MARK COHEN'S TESTIMONY FROM TRIAL**

Pursuant to Federal Rules of Evidence 104, 403, and 702 and this Court's "gate-keeping" role with respect to expert testimony, Plaintiffs, Virginia Cardoza, Mary Coronado, Kathi Lynn Coronado, Karen Delucchi, Jolene Gibson, Barbara Hedrick, Suzanne Henning, Jaime Hughes, Will Johnson, Maria Macias, Linda Mager, Audrey Mills, Mike Morrow, Candice Price, Virginia Ruiz, Carmen Simmons, Marina Torres, Treasa Tredwell, Sheila Wall and Lorie Weiss ("Plaintiffs"), request this Court exclude opinion testimony of and documents prepared by Mark Cohen ("Cohen"). He intends to opine that there is some kind of "effective wage" he has calculated and that Plaintiffs' annual compensation exceeds what they would have been compensated according to his effective hourly rates. Cohen's testimony is unreliable and does not fit the facts of this case because:

- Cohen is not qualified to offer his opinion,
- The lawful calculation of overtime to which Plaintiffs' are entitled is based on the "regular rate" as defined specifically by law and not based on Cohen's imaginary "effective rate",
- Cohen's opinion is based on incomplete information, and
- Cohen's method and conclusion do not fit the facts of this case.

For these reasons, Cohen's proffered testimony and documents prepared by him will not assist the trier of fact and should be excluded.

# I

## FACTUAL SUMMARY

This lawsuit arises from Plaintiffs' claim that the City of Stockton ("City") failed to properly compensate Plaintiffs in accordance with the Fair Labor Standards Act ("FLSA") for overtime each worked. Plaintiffs are/were Fire Telecommunicators employed by the City. Plaintiffs are hourly employees and are not exempt from the FLSA

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SACRAMENTO

CBM-SAC\SA035587.1

1

PLTFS' PT'S & AUTH'S IN SUPPORT OF MTN TO EXCLUDE DEF'S EXPERT MARK COHEN (CIV S-03 0166 MCE-DAD)

1    overtime requirements.  (See Undisputed Fact from the Court's Final Pre-Trial Order

2    ("Undisputed Fact"), 6:4-5).  Other than during training and a few months during 2001,

3    Plaintiffs' regular schedule was made up of 24-hour shifts that resulted in them working

4    48 or 72 hours per workweek.  (Undisputed Fact, 4:9-17).  Plaintiffs are regularly

5    scheduled to work approximately 2912 hours per year.  (Undisputed Fact, 4:18-20).

6            The City produced records regarding Plaintiffs' pay and hours in response to

7    discovery and as part of its initial disclosures in this action including but not limited to,

8    Hours History Detail reports (different from those attached to Cohen's report), ECD

9    Telecommunicators Overtime Reports, ECD Shift Staffing Summaries, Emergency

10   Communications Division Work Cycle reports, Personnel Action Forms CS-23, and a

11   Telecommunicator Pay Proposal.  (Exhibit A)[1].  Cohen did not review any of these

12   documents.  (Exhibit B).

13           The City also produced several witnesses in this action as their most

14   knowledgeable regarding the City's payroll practices.  The City produced Judy Ng ("Ng")

15   and Nan Burnside ("Burnside") as persons most knowledgeable regarding Plaintiffs' pay

16   stubs including the definition of "regular" and "overtime" as reflected on the pay stubs

17   and how overtime on pay stubs is calculated.  (Exhibits C and D).  The City also identified

18   Mark Parrott ("Parrott") as the person most knowledgeable regarding the

19   Telecommunicator Pay Proposal dated August 31, 2000 and the relationship between the

20   methodology used to calculate the data in the proposal compared to Plaintiffs' pay stubs.

21   (Exhibit E).

22           The City's Director of Human Resources, Terry Parker ("Parker"), was

23   deposed in this matter regarding Salary Schedules prepared by the City's Human

24   Resource Department.  (Exhibit F).  The City's Salary Schedules do not contain an hourly

25   rate, overtime rate or any calculation or formula to determine either rate.  (Exhibit G).

26

27   [1] All exhibits identified in Plaintiffs' motion are attached to the Declaration of Stephanie
     A. Miller filed herewith.  Exhibit A includes only samples of the documents identified and
28   not all such documents that were produced to Plaintiffs' counsel.

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SACRAMENTO

CBM-SAC\SA035587.1                              -2-

PLTFS' PT'S & AUTH'S IN SUPPORT OF MTN TO EXCLUDE  DEF'S EXPERT MARK COHEN (CIV S-03 0166 MCE-DAD)

1   Parker also verified the City's responses to interrogatories propounded by Plaintiffs.

2   (Exhibit H).  In response to Plaintiffs' interrogatories, the City described how it allegedly

3   calculated Plaintiffs' hourly rate before and after November 2000.  (Exhibit I).  Cohen did

4   not review the City's interrogatory responses.  (Exhibit B).  Cohen reviewed Salary

5   Schedules but did not speak to Parker and did not review Parker's deposition transcript.

6   (Exhibit B).

7           According to Cohen, he did not speak to anyone other than Ng and counsel for

8   the City to prepare his report.  (Exhibit B).  Ng testified at her deposition that the

9   computer performs all calculations, she does not know how the computer calculates Fire

10  Telecommunicator pay, and she has nothing to do with calculating hourly rates or

11  overtime rates for employees.  (Exhibit C).  Cohen did not review any depositions taken in

12  this action.  (Exhibit B).

13          Cohen's opinion is based on a method of calculation that is unreliable, does not

14  fit the facts of this case, and is contrary to the law that controls how Plaintiffs may be

15  lawfully paid.  The Court in its "gate keeping" role should exclude Cohen's testimony.

## II

### SUMMARY OF ARGUMENT

18          This is not the typical case where the opinion of an economist is being used to

19  show future lost earnings, earning potential, or even the value of a job.  The material

20   issue in this case is whether the City is compensating Plaintiffs lawfully for all the hours

21  they work in a workweek.  The City must pay Plaintiffs according to a lawful method

22  prescribed by the FLSA, i.e. the overtime rate is based on the "regular rate" that is

23  calculated according to the law.  29 U.S.C. 8207(a); 29 C.F.R. 88 778.108, 778.109

24  (attached hereto as Exhibit I).  Cohen's analysis does not show how the City allegedly

25  calculates Plaintiffs' pay.  Instead, the City is offering Cohen's testimony to create a

26  method of calculating Plaintiffs' pay that results in what he calls an "effective rate",

27  which is lower than the regular rate, and conclude Plaintiffs' annual compensation is fair.

28  Whether or not Plaintiffs' annual compensation is fair or exceeds some contrived

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SACRAMENTO

CBM-SAC\SA035587.1                    -3-

PLTFS' PT'S & AUTH'S IN SUPPORT OF MTN TO EXCLUDE  DEF'S EXPERT MARK COHEN (CIV S-03 0166 MCE-DAD)

1   "effective rate" is not a material issue in this case as those are not standards or defenses

2   under the law.

3            Cohen is not qualified to offer his opinion regarding the City's pay methods or

4   the law that dictates how Plaintiffs must be paid.  The law requires Plaintiffs' overtime

5   compensation be based upon the "regular rate".  The Code of Federal Regulations defines

6   the regular rate and shows how to calculate the regular rate.  The regular rate is a fact.

7   Cohen is not an expert on the FLSA or federal regulations interpreting the FLSA.  His

8   method of using an "effective rate" is found no-where in the law.  Cohen's "effective rate"

9   is not the equivalent of the regular rate.  Cohen also failed to educate himself on the City's

10  City's method of paying Plaintiffs.

11           Cohen lacks the essential qualifications and work experience to offer a reliable

12  and relevant opinion:

13           • He is not an expert on the FLSA or federal regulations

14           • His opinion is being offered to draw a legal conclusion

15           • He has no experience testing the lawful methods and exceptions to the

16             FLSA for calculating Plaintiffs' pay

17           • He has not written any articles regarding compliance with the FLSA

18           • He has not written any articles regarding lawful exceptions to the FLSA

19             method of calculating pay rates or overtime rates

20           • He has never pursued a course of study on the FLSA

21  Cohen's opinions and methodology lack the hallmark's of reliability:

22           • His methodology is not based on any research independent of this

23             lawsuit

24           • He has no independent knowledge of the City's pay practices that would

25             make him an expert as to how the City calculates Plaintiffs' pay

26           • His methodology to calculate Plaintiffs' pay came from counsel for the

27             City

28           • He relied on incomplete information to formulate his opinion

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SACRAMENTO

CBM-SAC\SA035587.1                    -4-

PLTFS' PT'S & AUTH'S IN SUPPORT OF MTN TO EXCLUDE  DEF'S EXPERT MARK COHEN (CIV S-03 0166 MCE-DAD)

1
- His opinion is not based upon the City's records, witnesses' testimony,

2
and verified discovery responses

3
- *and many other failures to conduct a rigorous inquiry*, described below.

4
Cohen's opinions and conclusions do not "fit" the facts and circumstances of

5
this case.  Cohen's conclusion that the City pays Plaintiffs an annual salary that is more

6
than some contrived "effective wage" does not meet the elements of any standard under

7
the FLSA, is not the basis for an affirmative defense, and will only confuse the issues in

8
this case and mislead the jury.

9
Cohen's testimony will not assist the trier of fact.  In the exercise of its gate-

10
keeping function prescribed by *Daubert*, this Court should exclude Cohen's testimony and

11
documents under Federal Rules of Evidence 104, 403, and 702.

12
### III

13
### COHEN'S OPINIONS ARE UNRELIABLE AND SHOULD BE EXCLUDED

14
**A.    Cohen Lacks Essential Qualifications to Offer His Opinion**

15
As a preliminary matter, the Court must determine whether Cohen is qualified

16
to offer his opinion in this matter.  FED. R. EVID. 104(a) and 702.  If Cohen is not

17
qualified to offer his opinion, his testimony is inadmissible.[2]  Although Cohen may be a

18
qualified economist, the Court must examine whether he is qualified to offer his opinion

19
in light of the specific facts and circumstances of the case.  In this case where novel

20
economic theories have no application and Cohen did not perform a rigorous examination

21
of the facts, he is not qualified to offer his opinion.

22
Cohen's *curriculum vita* does not cite any experience or expertise regarding

23
the FLSA and related federal regulations.  (Exhibit B).  His method of calculation is not

24
based on a method prescribed by law, i.e. the "regular rate".  29 U.S.C. 8207(a); (Exhibit

25

26
[2] The City has the burden of laying a proper foundation for their expert's testimony and to

27
establish that admissibility requirements have been met by a 'preponderance of the evidence.'  *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. at 592; 113 S.Ct. at 2796, n. 10; *Bourjaily v. United States*, 483 U.S. 171, 175 – 176, 107 S.Ct. 2775 (1987).

28
The City cannot meet this burden.

1  I).  Cohen is not educated on the FLSA and, has performed no independent or original

2  research or authored any articles on the subject of the FLSA.  (Exhibit B).  Cohen offers

3  the conclusion that Plaintiffs are paid more than "what they would have been paid".

4  Would have been paid according to what?  The FLSA requires Plaintiffs' pay be

5  calculated based on the "regular rate".  Cohen uses what he refers to as the "effective

6  rate", which is found no-where in the law.  Cohen does not have experience regarding the

7  FLSA that would qualify him to opine that the lump sum the City pays Plaintiffs is

8  adequate.

9       The manner in which the City actually calculates Plaintiffs' pay is the material

10 issue of fact in this case and not their overall annual compensation.  Accordingly, the City

11 is required by law to keep records that show <u>how</u> hourly employees such as Plaintiffs are

12 paid.  29 U.S.C. 8211(c).  The City also employs payroll and human resource employees

13 whom it has held out as the most knowledgeable persons regarding how Plaintiffs are

14 paid.  (Exhibits C, D E and F).  Cohen is not an expert regarding the City's pay practices

15 and did not perform a rigorous study of the City's pay practices, as discussed in greater

16 detail below.  He has no relevant experience interpreting the City's documents (he did not

17 even review all the City's documents regarding Plaintiffs' pay) to determine what hours

18 Plaintiffs were compensated for and at what rate.

19      Cohen's lack of expertise and experience regarding the FLSA and the City's

20 pay practices make his opinions and methods of no assistance to the trier of fact and his

21 testimony is inadmissible.

22  **B.   The *Daubert* Line of Cases and Federal Rule of Evidence 702**
        **Demand a Rigorous Assessment of an Expert's Methodology and His**
23      **Application of It to the Facts**

24      This Court must evaluate the reliability of Cohen's methodology and the

25 soundness of his application of it to the facts of this case – excluding his testimony if it

26 cannot assist the trier of fact.  The Court's role is to act as a "gatekeeper", to exclude

27 unreliable expert testimony.  FED R. EVID. 702; *Daubert v. Merrell Dow Pharmaceuticals,*

28 *Inc.*, 509 U.S. 579, 597; 113 S.Ct. 2786, 2798 (1993).  This gate-keeping function applies

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SACRAMENTO

CBM-SAC\SA035587.1                          -6-

PLTFS' PT'S & AUTH'S IN SUPPORT OF MTN TO EXCLUDE  DEF'S EXPERT MARK COHEN (CIV S-03 0166 MCE-DAD)

1  to expert testimony deemed non-scientific.  *Kumho Tire Co., LTD v. Carmichael*, 526

2  U.S. 137, 147, 119 S.Ct. 1167, 1174 (1999).  "[N]either the difficulty of the task nor any

3  comparative lack of expertise can excuse the judge from exercising the 'gatekeeper' duties

4  that the Federal Rules of Evidence impose – determining, for example, whether particular

5  expert testimony is reliable and 'will assist the trier of fact….'  *General Electric Co. v.*

6  *Joiner*, 522 U.S. 136, 148, 118 S.Ct. 512 (1997).

7          The Court is required to determine (1) nothing less than whether the experts

8  testimony is reliable, taking into consideration whether his opinion reflects some

9  specialized knowledge and his findings are derived from reliable methods and (2) ensure

10  that the proposed expert's testimony is relevant to material aspects of the case.

11          The standards of reliability are codified in Federal Rule of Evidence 702 as

12  amended in 2000:

13          If scientific, technical, or other specialized knowledge will assist the
        trier of fact to understand the evidence or to determine a fact in
14          issue, a witness qualified as an expert by knowledge, skill,
        experience, training, or education, may testify thereto in the form of
15          an opinion or otherwise, if (1) the testimony is based upon sufficient
        data, (2) the testimony is the product of reliable principles and
16          methods, and (3) the witness has applied the principles and methods
        reliably to the facts of the case.

17

18          The language of new Rule 702, as well as the advisory committee's notes to

19  the new Rule, makes it clear that the Court is now required to screen expert testimony and

20  determine whether the reasoning and methodology underlying the testimony is valid, and

21  to ensure it stems from reliable methodology, a sufficient factual basis and reliable

22  application of the methodology to the facts.  *Daubert*, 509 U.S. at 592 – 593; *DSU*

23  *Medical Corporation v. JMS Co., Ltd.*, 296 F.Supp.2d 1140, 1146 (N.D. Cal. 2003); *Rudd*

24  *v. General Motors Corp.*, 127 F.Supp. 2d 1330, 1337 (M.D. Ala. 2001)

25          In *Daubert*, the Supreme Court described the following factors to guide the

26  court in its Rule 702 analysis: whether a theory or technique can be or has been tested,

27  whether a theory or techniques has been subject to peer review or publication, whether a

28  theory or technique is widely accepted by other similar experts, the known or potential

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SACRAMENTO

CBM-SAC\SA035587.1                              -7-

PLTFS' PT'S & AUTH'S IN SUPPORT OF MTN TO EXCLUDE  DEF'S EXPERT MARK COHEN (CIV S-03 0166 MCE-DAD)

1   rate of error of a technique, and standards controlling the technique's operation. *Daubert*,

2   509 U.S. at 593-594, 113 S.Ct. at 2796-97.  The Rule 702 inquiry is a flexible one and the

3   Court is not limited to applying only the factors from *Daubert*. *Kumho Tire*, 526 U.S. at

4   150, 119 S.Ct. at 1175; *Daubert*, 509 U.S. at 594, 113 S.Ct. at 2797.  The *Daubert* factors

5   were "meant to be helpful and not definitive." *Khumo Tire*, 526 U.S. at 151, 119 S.Ct. at

6   1175.

7           Although Rules 401 and 402 reflect the general policy of the Federal Rules for

8   liberal admission of evidence, Rule 403, working in conjunction with Rules 702 and 703,

9   militates against this general policy by giving courts broad discretion to preclude expert

10  testimony unless it passes more stringent standards of reliability and relevance. *Nadell v.*

11  *Las Vegas Metropolitan Police Dept.*, 268 F.3d 924, 927 – 928 (9th Cir. 2001); *Allison v.*

12  *McGhan Medical Corp.*, 184 F.3d 1300, 1310 (11th Cir. 1999).  The potential impact of

13  expert testimony on the jury necessitates more stringent standards. *Allison,.* 184 F.3d at

14  1311-12.  Here, where the jury will be wading through an abundance of testimony and the

15  law is extensive, a jury will be awestruck by an expert purporting to show them a

16  conclusion and will be less equipped than the judge to make reliability and relevance

17  determinations. *Allison*, 184 F.3d at 1310.  "The judge's role is to keep unreliable and

18  irrelevant information from the jury because of its inability to assist in factual

19  determinations, its potential to create confusion, and its lack of probative value." *Allison*,

20  184 F.3d at 1311-12.  "Expert testimony can be both powerful and quite misleading

21  because of the difficulty in evaluating it.  Because of this risk, the judge in weighing

22  possible prejudice against probative force under Rule 403 of the present rules exercises

23  more control over experts than over lay witnesses" *Daubert*, 509 U.S. at 595, 113 S.Ct. at

24  2798 (quoting *Thomas v. Taylor*, 138 F.R.D. 614, 632 (1991).  The City's proposed

25  economic expert fails these stringent standards.

26  ////

27  ////

28  ////

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SACRAMENTO

CBM-SAC\SA035587.1                          -8-

PLTFS' PT'S & AUTH'S IN SUPPORT OF MTN TO EXCLUDE  DEF'S EXPERT MARK COHEN (CIV S-03 0166 MCE-DAD)

**C.  Defendant's Expert is Not Reliable**

    **1.  Cohen's Method is Not the Method Prescribed Specifically by Law**

Lawful methods of calculating Plaintiffs' pay are established specifically by statute; one and one half times the regular rate for all hours worked in excess of forty in a workweek. 29 U.S.C. 8207(a). The regular rate is the basis for Plaintiffs' overtime rate. The Code of Federal Regulations defines the "regular rate" and specifically sets out how to calculate the regular rate. (Exhibit I). Cohen does not calculate the regular rate and use it in the manner prescribed by the FLSA. Instead, he calculates an "effective rate". He does not sufficiently define or test the technique of using an "effective rate". He does not establish an effective rate is one traditionally relied upon by other economists under similar circumstances. The so-called "effective rate" is not the equivalent of the regular rate. Cohen's use of an effective rate is unreliable and irrelevant.

    **2.  Cohen's Opinion is Unreliable Because He Relies on Incomplete Information**

Cohen's opinion is also unreliable because he draws conclusions regarding Plaintiffs' compensation without relying on numerous City records, City witnesses, and discovery in this case regarding how the City actually pays Plaintiffs. The issue in this case is whether the City's pay method violates the FLSA and does not compensate Plaintiffs for all hours worked. Cohen merely concludes the City's annual compensation to Plaintiffs was more than what he calculated using an effective rate without considering whether it compensated Plaintiffs for all hours worked. He assumes Plaintiffs were compensated for all the hours they worked at a lawful rate of pay. Without examining evidence in this case regarding how the City compensates Plaintiffs, Cohen cannot reliably reach these conclusions.

Cohen only spoke to Ng, from the City's payroll department. At her deposition, Ng stated that she did not know how the hourly rate and overtime rates were calculated. (Exhibit C). Cohen did not interview any other City employees or review any

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SACRAMENTO

CBM-SAC\SA035587.1

-9-

PLTFS' PT'S & AUTH'S IN SUPPORT OF MTN TO EXCLUDE  DEF'S EXPERT MARK COHEN (CIV S-03 0166 MCE-DAD)

1   deposition transcripts in this case.  (Exhibit B).  Cohen did review the City's Salary

2   Schedules, which state lump sum amounts without showing the hours compensated or any

3   method for calculating hourly or overtime rates.  (Exhibit G).  The Stockton City Council

4   Resolution reviewed by Cohen also does not include specific information regarding

5   Plaintiffs' compensation.  (Exhibit J).  The origin of the Hours History Detail reports

6   attached to Cohen's report is unknown, they are not bates stamped.  (Exhibit B).  They

7   also do not include hourly rates or overtime rates used by the City.  The Direct Deposit

8   Advice documents Cohen reviewed for each of the three sample Plaintiffs are incomplete.

9   (Exhibit B).

10          Cohen did not rely on a number of City records regarding each Plaintiffs'

11  compensation.  (Exhibit A).  These documents state information regarding rates the City

12  allegedly used, hours worked, and hours deducted for the purpose of calculating Plaintiffs'

13  compensation.  (Exhibit A).  Cohen's opinions do not take into account any of this

14  evidence.

15          The fact that Cohen ignored an abundance of evidence in this case regarding

16  how Plaintiffs' are compensated, makes his testimony unreliable.

17      **D.     Cohen's Method and Conclusions Do Not "Fit" A Material Aspect of
18              this Case**

19          The "effective rate" calculated by Cohen does not "fit" the facts and material

20  issues of this case.  *See Daubert v. Merrell Dow Pharmaceuticals, Inc. (Daubert II),* 43

21  F.3d 1311, 1320 (9th Cir. 1995).  The effective rate will not assist the trier of fact in

22  determining whether the City paid Plaintiffs lawfully and for all hours they worked during

23  a workweek because the effective rate is not the regular rate upon which Plaintiffs'

24  compensation must be based.

25          The effective rate used by Cohen is not the product of a lawful calculation

26  under the FLSA and cannot be derived simply by examining the Salary Schedules, which

27  according to him were the documents he consulted.  (Exhibits B and G).  Cohen basis his

28  calculations on 2928 and 2904 hours worked per year.  (Exhibit B).  However, the City

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SACRAMENTO

CBM-SAC\SA035587.1                                  -10-

PLTFS' PT'S & AUTH'S IN SUPPORT OF MTN TO EXCLUDE  DEF'S EXPERT MARK COHEN (CIV S-03 0166 MCE-DAD)

1  alleges the salaries on the Salary Schedule are intended to compensate Plaintiffs for 2912

2  annual hours of work (based on an average of 56 hours worked per workweek).  (Exhibit

3  H).  Cohen's use of 2928 and 2904 annual hours of work for purposes of calculating

4  effective pay rates violates the FLSA and contradicts the facts in this case.

5          Cohen's comparison of the effective wage to Plaintiffs' alleged annual

6  compensation, ignores the City's alleged method of calculating Plaintiffs' pay rate, which

7  is the primary issue in this case.  In the City's answers to interrogatories, verified by

8  Parker, it alleges "[f]rom November 2000 to present, Plaintiff's weekly salary

9  compensates Plaintiffs for 40 straight time hours and 16 overtime hours.  For accounting

10  and payroll purposes, Defendant's Finance Department calculates the hourly rate by

11  multiplying the monthly salary by 12, the product is then divided by 2912 hours."

12  (Exhibit H).  Cohen does not apply this alleged method of calculating Plaintiffs' hourly

13  rate.  (Exhibit B).  The material issue of whether Plaintiffs are lawfully compensated for

14  all hours worked remains unanswered by Cohen.

15          The conflict is demonstrated as follows: according to Cohen's report, Lori

16  Weiss was a Fire Telecommunicator II at pay step 6, annual salary of $49,416 for the year

17  2001.  Even assuming Plaintiffs' annual salary is intended to compensate for all regularly

18  scheduled hours including regularly scheduled overtime (according to the City this

19  equates to an average of 2912 hours per year), the hourly rate is $16.97 ($49,416/2912 =

20  $16.96978).  Cohen says the effective hourly rate for Weiss during this time period is

21  either $14.7442 or $14.9023.  Cohen's effective rate is also not the equivalent of the

22  typical regular rate, which is based on a forty hour workweek; if you divide $49,416 by

23  Weiss' non-overtime hours (40 hours per week annually = 2080) the hourly rate is $23.76

24  ($49,416/2080 = 23.757692), which is much higher than Cohen's effective rate.  Cohen's

25  method of reaching his conclusion conflicts with the facts of this case and the lawful

26  calculations of the regular rate under the FLSA and Code of Federal Regulations.

27          Ultimately, the City will try to use Cohen's conclusion to prove that Plaintiffs'

28  annual compensation as a whole is fair and therefore, it does not matter how it is

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SACRAMENTO

CBM-SAC\SA035587.1                -11-

PLTFS' PT'S & AUTH'S IN SUPPORT OF MTN TO EXCLUDE DEF'S EXPERT MARK COHEN (CIV S-03 0166 MCE-DAD)

1    calculated.  However, the fairness of Plaintiffs' annual salary is not a material aspect of

2    this case.  Court's have rejected equity arguments alleging total compensation is all that

3    matters, regardless of whether the parties have complied with the specific requirements of

4    the FLSA.  *See Wheeler v. Hampton Township*, 399 F.3d 238 (3d Cir. 2005).  Cohen's

5    conclusory statement regarding Plaintiffs' total annual compensation and his calculation

6    of effective rates, not prescribed by law, do not fit the facts in this case.

7            Cohen's opinion is also not relevant to the damages phase of this case because

8    the effective rate he calculates is not tied to the facts in this case and is unreliable.

9

10   **E.    Cohen's Testimony Will Confuse and Mislead the Jury and Should
              be Excluded Under FRE 403**

11           If the probative value of Cohen's testimony is outweighed by danger of unfair

12   prejudice, <u>confusion of the issues, misleading the jury</u>, or consideration of undue delay,

13   <u>waste of time</u>, or needless presentation of cumulative evidence it may be excluded under

14   Federal Rule of Evidence 403.  Even if this Court finds there is some relevance to

15   Cohen's testimony, any probative values is clearly outweighed by the danger in this case

16   of confusing the issues and misleading the jury.  A jury is likely to give Cohen's opinion

17   great weight based on the fact the City identifies him as an expert.  Cohen's theory is not

18   grounded in any reliable method that complies with the law or fits with the facts of this

19   case.  His theory is at odds with the evidence in this case.  The risk of confusion by

20   presenting his theory, which flies in the face of the law and the facts the jury will hear,

21   makes exclusion under Rule 403 appropriate.

22                                          **IV**

23                                    **CONCLUSION**

24           Plaintiffs' respectfully request the Court exclude the testimony and documents

25   prepared by the City's proffered expert economist, Mark Cohen.  Cohen is not qualified to

26   offer his opinion, his method and opinions are unreliable and do not fit the facts of this

27   ////

28   ////

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SACRAMENTO

CBM-SAC\SA035587.1                                    -12-

PLTFS' PT'S & AUTH'S IN SUPPORT OF MTN TO EXCLUDE  DEF'S EXPERT MARK COHEN (CIV S-03 0166 MCE-DAD)

1    case.  The Court should exercise its gate-keeping role to exclude Cohen's testimony

2    completely, or make any other limiting order the Court deems appropriate.

3             Dated: June 7, 2005

4                                             CARROLL, BURDICK & McDONOUGH LLP

5

6                                             By _____/s/ Stephanie A. Miller_____
                                                      Stephanie A. Miller
7                                             Attorneys for Plaintiffs
                                              JAIME HUGHES, et al.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SACRAMENTO

CBM-SAC\SA035587.1                            -13-

PLTFS' PT'S & AUTH'S IN SUPPORT OF MTN TO EXCLUDE  DEF'S EXPERT MARK COHEN (CIV S-03 0166 MCE-DAD)