UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JAIME HUGHES, MARY CORONADO, AUDREY MILLS, VIRGINIA CARDOZA, KAREN DELUCCHI, JOLENE GIBSON, BARBARA HEDRICK, SUZANNE HENNING, WILL JOHNSON, LINDA MAGER, MARIA MACIAS, CARL MORROW, CANDICE PRICE, VIRGINIA RUIZ, CARMEN SIMMONS, TREASA TREDWELL, MARINA TORRES, SHEILA WALL, LORIE WEISS and KATHI LYNN CORONADO,<br><br>        Plaintiffs,<br><br>  v.<br><br>CITY OF STOCKTON and DOES 1 through 100, in their individual capacities,<br><br>        Defendants. | NO. CIV. S 03-0166 MCE DAD<br><br>ORDER |

----oo0oo----

1

Through this motion, Plaintiffs seeks Judgment as a Matter of Law ("JMOL") under Federal Rule of Civil Procedure[1] 50(b).[2]

JMOL is proper only if "the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury." White v. Ford Motor Co., 312 F.3d 998, 1010 (9th Cir. 2002). To justify relief through JMOL, there must be a "complete absence of probative facts to support ... [the] conclusion reached so that no reasonable juror could have found for ... [the] nonmoving party." Eich v. Board of Regents for Central Missouri State Univ., 350 F.3d 752, 761 (8th Cir. 2003). JMOL should not be granted unless there is an overwhelming amount of evidence in favor of the Plaintiffs as moving parties, and fair minded persons could not have arrived at a verdict against them. *See* Meloff v. New York Life Ins. Co., 240 F.3d 138, 145 (2d Cir. 2001); Strickland Tower Maintenance, Inc. v. American Tel & Tel. Comm., Inc., 128 F.3d 1422, 1426 (10th Cir. 1997). In assessing the propriety of JMOL, the Court may not make credibility determinations or weigh the evidence. City Solutions, Inc. v. Clear Channel Communications, 365 F.3d 835, 841 (9th Cir. 2004).

The circumstances of the instant case do not approach these rigorous criteria, and do not justify the extraordinary relief

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Plaintiffs' counsel previously moved for JMOL under 50(a). That motion, which was denied, was a prerequisite for bringing the present Rule 50(b) motion. Janes v. Wal-Mart Stores, Inc., 279 F.3d 883, 886-87 (9th Cir. 2002).

2

1  represented by JMOL.  First, despite Plaintiffs' apparent
2  assertion to the contrary, the standard outlined above makes it
3  clear that the Court cannot reweigh the evidence offered at
4  trial.  The fact that evidence was presented, from which the jury
5  could have based its verdict, is enough to uphold the verdict in
6  the face of a requested JMOL.  Here, the jury heard evidence
7  that pursuant to a November 2000 agreement between labor unions
8  representing Plaintiffs and Defendant City of Stockton, regularly
9  scheduled overtime pay was folded into Plaintiffs' base salary.
10 The jury also received evidence that Plaintiff's would have
11 received a 23.7 percent increase in their base salary were
12 overtime not so included, as well as evidence that Plaintiffs'
13 salaries after the 2000 agreement were in fact more than they had
14 been prior to the agreement, when overtime had been expressly
15 reflected in their pay calculations.  Given that evidence, the
16 Court cannot conclude, as it must to justify JMOL, that no
17 reasonable jury could have found in favor of the City of
18 Stockton.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  Plaintiffs' Motion for Judgment as a Matter of Law is
2 accordingly DENIED.[3]
3  IT IS SO ORDERED.

DATED: October 3, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[3]Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 78-230(h).

4