UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JAIME HUGHES, MARY CORONADO, AUDREY MILLS, VIRGINIA CARDOZA, KAREN DELUCCHI, JOLENE GIBSON, BARBARA HEDRICK, SUZANNE HENNING, WILL JOHNSON, LINDA MAGER, MARIA MACIAS, CARL MORROW, CANDICE PRICE, VIRGINIA RUIZ, CARMEN SIMMONS, TREASA TREDWELL, MARINA TORRES, SHEILA WALL, LORIE WEISS and KATHI LYNN CORONADO,

      Plaintiffs,

  v.

CITY OF STOCKTON and DOES 1 through 100, in their individual capacities,

      Defendants.

NO. CIV. S 03-0166 MCE DAD

**MEMORANDUM AND ORDER**

----oo0oo----

Defendant City of Stockton ("City") has submitted a Bill of Costs[1] in the above-referenced matter, pursuant to 28 U.S.C. § 1920, following a jury verdict in favor of the City reached on July 8, 2005.  While Plaintiffs do not dispute the City's entitlement to costs as the prevailing party in this litigation, they do take issue with certain categories of costs claimed by the City, arguing that those items are unreasonable and/or unnecessary and should consequently not be allowed.  The Court has now reviewed the City's Bill of Costs, along with the documentation submitted in support thereof, and has further reviewed Plaintiff's objections.  Costs are awarded to the City as set forth below.

**STANDARD**

Under Federal Rule of Civil Procedure 54(d), the prevailing party in a lawsuit may recover its costs "unless the court otherwise directs".  As this language suggests, the ultimate decision on whether to award costs is a matter within the court's discretion.  Association of Mexican-American Educators v. State of Calif., 231 F.3d 572, 591-92 (9th Cir. 2000).  If the Court declines to award costs as requested by the prevailing party, however, it should specify its reasons for doing so.  Berkla v.

---

[1] The City's initial Bill of Costs was filed on July 18, 2005.  That costs bill was superseded by an Amended Bill of Costs filed on July 20, 2005.

2

Corel Corp., 302 F.3d 909. 921 (9th Cir. 2002).  Claims for cost items not properly documented will generally not be allowed. English v. Colorado Dept. Of Corrections, 248 F.3d 1002, 1013 (10th Cir. 2001).

## ANALYSIS

Turning to the specific items of costs claimed by the City, Plaintiffs first take issue with the costs incurred by the City in obtaining the transcripts of depositions taken in this case. According to Plaintiffs, it was not necessary for the City to have deposed all twenty Plaintiffs in this action.  Plaintiffs therefore contend that the transcript costs for those depositions are unreasonable.  Plaintiffs further argue that costs associated with the provision of ASCII disks, as well as rough edit disks, should not be allowed.  Plaintiffs' objections in this regard lack merit.  The depositions obtained were reasonable under the circumstances of this case, and the costs incurred are appropriate.  Court reporter/transcript costs for the depositions will be awarded as requested in the amount of $11,816.30.

The next major item of claimed costs pertains to witness expenses, both with respect to the service of subpoenas for witness attendance at trial and per diem fees and other expense payable for such attendance.  The arguments advanced by Plaintiffs in contesting those expenses are also without merit. First, although Plaintiffs correctly point out that witness fees and expenses cannot be claimed by prevailing parties themselves for appearing at trial, the authority advanced by Plaintiffs does

not pertain to such fees/expenses payable to an adverse party for testifying at the prevailing party's behest. In <u>Evanow v. M/V Neptune</u>, 163 F.3d 1108 (9th Cir. 1998), for example, the witness fees claimed were for expenses by various prevailing parties. In the present case, on the other hand, the expenses relate to the City's need to subpoena several of the plaintiffs as adverse parties.  Second, the fact that some of the witnesses subpoenaed were not ultimately called to testify at trial does not mean that the expenses so incurred were unnecessary.  Such witnesses are entitled to compensation for their readiness to testify, and costs are recoverable on that basis. *See* <u>Haroco, Inc. v. American National Bank and Trust Co. Of Chicago</u>, 38 F.3d 1429, 1442 (7th Cir. 1994).

Although Plaintiffs' substantive arguments against the award of witness fees/costs in this matter are unavailing,[2] certain of the costs claimed have nonetheless not been substantiated through any documentation provided by the City and will consequently be disallowed.  In its itemization of witness fees on the reverse of the Amended Bill for Costs, for example, witness fees are sought for Wally Storm and for George Bist, although no documentation of

---

[2] Another argument advanced by Plaintiffs is that certain of the subpoena fees were in excess of the amount that would have been charged for service by the United States Marshall (at $125.64, including mileage and driving time to Stockton) and should be disallowed on that basis.  Examination of the service fees in question, however, for subpoenaing Plaintiffs Audrey Mills and Suzanne Henning) show that advanced witness fees in the amount of $63.52 for included in both invoices (for $179.87 each).  Since the witness fees themselves are separately recoverable, the net amount of the invoices in question for subpoening Ms. Mills and Ms. Henning is less than the $125.64 figure in any event.  Consequently, Plaintiffs' objection to those costs is ill-taken.

4

such expense was provided.[3] In addition, the documentation provided appears to be at odds with the apportionment between subpoena fees and witness fees and costs reflected in the Amended Bill of Costs itself. The amounts documented are for $940.20 for service of subpoenas and $633.35 for witness expenses. Those amounts are awarded.

The final, and most significant, area of disagreement pertaining to awardable costs pertains to fees for exemplification and copies of papers necessarily obtained for use in this case. While such fees are unquestionably proper under 28 U.S.C. § 1920(4), Plaintiffs argue for a narrow reading of that section, claiming that costs incurred for tabs, binders, and exhibit blow-ups cannot be incorporated within "exemplification and copies of papers." The Ninth Circuit, however, in <u>Maxwell v. Hapag-Lloyd Aktiengesellschaft, Hamburg</u>, 862 F.2d 767, 770 (9th Cir. 2003), has adopted a broad construction of the term "exemplification" that includes all types of demonstrative evidence, including photographs and graphic aids, that are necessarily obtained for use in the case.

In this case, the Court required that tabs and binders be provided in organizing the extensive proposed exhibits in this case. As such, those costs are recoverable. In addition, fees incurred in preparing the exhibits for trial, such as re-binds and numbering devices, are also proper.

Although the Ninth Circuit's <u>Maxwell</u> decision indicates that

---

[3]The City's Amended Memorandum of Costs (as opposed to the Amended Bill of Costs), however, does not include witness fees for Storm or Bist so they may have been inadvertently included in the costs bill itself.

1 photographic blow-ups and graphic aids are at least potentially
2 recoverable, Plaintiffs argue that extensive blow-ups were
3 unnecessary in this case due to courtroom equipment and
4 technology permitting the projection of large-scale images
5 without physically amplifying the size of the original materials.
6 In addition, Plaintiffs contend that the City used only three
7 actual blow-ups in any event, and then only during closing
8 argument.
9       These arguments are well taken.  Given the courtroom
10 configuration, it was not reasonably necessary to incur expense
11 in the amount of $3,407.50 for some 28 exhibit enlargements to
12 poster size.  Moreover, and as stated above, those exhibits were
13 largely unused in any event.  The expenses incurred for preparing
14 those blow-ups are disallowed.
15       In addition, the City seeks reimbursement for 41.75 hours of
16 "computer illustration" at $175.00 per hour.  The City provides
17 no explanation whatsoever as to just what that entails, and
18 without such detail the Court cannot determine that such expenses
19 were reasonable and necessarily incurred in presenting the City's
20 case.  Even were the proper explanation provided, this Court has
21 grave concerns about whether hourly expenses of this magnitude
22 may properly be regarded as a recoverable cost under Section
23 1920, as opposed to fees incurred in simply preparing the case
24 for trial, which are akin to attorneys' fees and would not be
25 allowable as costs under the statute.  Consequently, the City's
26 claimed costs of $7,306.25 for "computer illustration" will not
27 be permitted.
28 //

6

**CONCLUSION**

Based on the foregoing, costs in this matter are taxed in favor of the City as follows:

| | |
|---|---|
| Fees for Service of Subpoenas | $    940.20 |
| Court Reporter/Transcript Fees | $ 11,816.30 |
| Printing/Exemplification Costs | $  9,225.09 |
| Witness Fees/Costs | $    633.35 |
| TOTAL: | $ 22,614.94 |

IT IS SO ORDERED.

DATED: November 2, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE